**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GLORIA GEORGE,**

              **Plaintiff,**

        v.                              **00-CV-1651
                                               (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

              **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| DE SILVA & RHINEHART<br>200 Empire Building<br>471 S. Saline Street<br>Syracuse, NY 13202 | ROBERT F. RHINEHART, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. GLENN T. SUDDABY<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | WILLIAM H. PEASE<br>Assistant U.S. Attorney |

**Gary L. Sharpe
U.S. District Judge**

**DECISION AND ORDER**

## I. Introduction

Gloria George challenges the denial of disability benefits by the Commissioner of Social Security alleging disability due to degenerative disc disease, foot pain, diverticulitis, incontinence, hypertension, headaches, and anxiety. On May 1, 2001, George brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision because it was based on substantial evidence.

## II. Procedural History

In December 1997, George filed an application for Social Security disability benefits,[1] alleging disability since February 1996, which was denied. George timely filed a Request for Reconsideration, which was also denied. Upon George's timely request, a hearing was conducted by Administrative Law Judge (ALJ) Daniel G. Heely. On June 1, 1999, the ALJ issued a decision denying benefits. The Appeals Council affirmed the ALJ, and that decision became the Commissioner's final determination.

---

[1] George met the Social Security Act insured status requirements at all relevant times. (Tr. 22). "(Tr. )" refers to the page of the Administrative Transcript in this case.

### III. **Contentions**

George contends that the Commissioner's decision is not supported by substantial evidence. More specifically, she claims that the ALJ (1) ignored the opinions of her treating sources (2) miscalculated her residual functional capacity (RFC) and (3) exaggerated the extent of her daily activities. The Commissioner counters that substantial evidence supports the ALJ's disability decision.

### IV. **Facts**

The evidence in this case is undisputed, and the court adopts the parties' factual recitations. *See Pl.'s Br., pp. 1-2, Dkt. No. 6; Def.'s Br., pp. 1-2, Dkt. No. 8.*

### V. **Discussion**

**A. Standard and Scope of Review**

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision. *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is

made by an ALJ. The ALJ's decision is subject to judicial review after an appeal is filed. A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). "To determine on appeal whether an ALJ's

findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose.  *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits

5

already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

## B. Five-Step Disability Determination

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...."  42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[2] The Commissioner uses a five-step process to evaluate SSDI and SSI

---

[2]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

claims. 20 C.F.R. §§ 404.1520, 416.920.[3] Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, she will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d). If the impairment meets or equals a listed impairment, the claimant is presumptively disabled. *Ferraris*, 728 F.2d at 584. If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Five, the ALJ determines whether the

---

[3] The court notes that revised versions of these sections came into effect in September 2003. *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that she cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ did not conclude whether George satisfied Step One, noting that even if she had not been engaged in SGA,[4] there exists a valid basis for denying her application.  In Step Two, the ALJ determined that she suffered from degenerative disc disease, diverticulitis,[5]

---

[4] The ALJ pointed out that there is evidence that George has engaged in some work activity since the alleged onset date of her disability.  The administrative hearing took place on January 7, 1999, and George testified at that hearing that she had been babysitting for her grandchildren on a daily basis up until the previous December.  (Tr. 52, 53).

[5] "Inflammation related to colonic diverticula, which may undergo perforation with abscess formation.  Sometimes called *left-sided* or *L-sided* appendicitis."  *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 807 (28th ed. 1994).

8

hypertension, and an anxiety disorder.  In Step Three, the ALJ determined that George's impairments failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4.  In Step Four, the ALJ found that George possessed the RFC to perform her past relevant work as a waitress.  In Step Five, the ALJ concluded that George had the RFC for light work which was limited only by lifting more than twenty pounds occasionally or ten pounds frequently.  Consequently, he found George not disabled and denied benefits.

## C. Treating Physician Rule

George maintains that the ALJ's determination that she had the RFC for light work is contrary to the medical record.  She also argues that the opinions of her treating sources were not considered by the Appeals Council.  She maintains that the Appeals Council should have remanded the case to the ALJ in light of new medical documentation[6] that she entered

---

[6] The Second Circuit in *Tirado v. Bowen*, 842 F.2d 595 (2d Cir. 1988), established the requirements necessary to introduce new evidence into the record.  The evidence must be (1) new and not merely cumulative of what is already in the record; (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative ...; and, (3) good cause for her failure to present the evidence earlier.  *Tirado*, 842 F.2d at 597.  George was not represented by legal council until her case appeared before the Appeals Council.  In the administrative hearing conducted by ALJ Heely, the ALJ explained to George that she had a legal right to representation.  After fully explaining this option, the ALJ asked George more than once if she would like to proceed with the hearing and if she had

into the record. George contends that the complete medical record is inconsistent with the ALJ's findings.

Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion. The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

---

submitted all of her relevant medical evidence. She knowingly and voluntarily waived her option to delay the hearing, seek council, or submit other evidence. (Tr. 40, 41, 42, 43). After the ALJ's opinion, George retained legal representation and submitted further medical evidence to the Appeals Council. She now argues that the Appeals Council failed to consider this new evidence and that her lack of legal representation at the administrative hearing constituted good cause. However, the Appeals Council did consider George's new evidence, noting in its decision that it was redundant and that it did not provide a basis for changing the ALJ's decision. *See* (Tr. 6).

10

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions." *Id.* Thus, a treating physician's disability assessment is not determinative. *Id.* Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

George argues that her treating sources' opinions should have been given controlling weight. However, she fails to set forth in her argument who she considers to be her treating sources or what they opined. George refers to the Syracuse Community Health Center as her treating source, but she does not set forth particular, objective findings from specific medical doctors that support her allegation of disability. Furthermore, George argues that the ALJ erred when he found that she maintained the RFC to perform her past relevant work as a waitress, and contends that she was able to engage in sedentary work only.

Both arguments are without merit. As mentioned, the final

11

determination of disability is reserved for the Commissioner.  The ALJ properly relied on the opinions of Dr. Ganesh, a consulting examiner, and the RFC assessments of two reviewing physicians.  Dr. Ganesh's examination revealed that George did not require assistance getting on and off the examining table, had normal flexion, extension, lateral flexion and lateral rotation of the cervical spine, and had normal range of motion of the elbows, forearms, wrists, and fingers.  Dr. Ganesh also concluded that George suffered no muscle atrophy or sensory abnormality in her upper extremities.  (Tr. 246).

The ALJ properly considered the objective medical evidence of both her physical and mental impairments and properly concluded that she was not disabled.  Two different reviewing physicians filled out RFC assessments for George and found her not disabled.  Dr. Siddiqi's physical RFC evaluation concluded that George could occasionally lift twenty pounds, frequently lift ten pounds, and sit, stand or walk for six hours in an eight-hour day.  Dr. Siddiqi concluded that George can do light work.

Dr. Crawford concluded in his mental RFC evaluation that George was not significantly limited in the categories of understanding and memory, sustained concentration and persistence, social interaction, and adaptation.  In the remarks section, Dr. Crawford commented that George

12

"manage[s] independently in the home and community, managing a household and finances." (Tr. 263). He also remarked that George would "have no difficulty interacting with peers or coworkers." *Id.* Moreover, a psychiatric evaluation conducted by Dr. Michael Thompson revealed "no significant problems regarding her competence for performing daily household chores and the activities of adult daily living." (Tr. 251).

George fails to identify the medical evidence supporting complete disability. All of the reviewing physicians and an evaluating psychiatric physician concluded that George was not disabled. Accordingly, the ALJ's decision was not contrary to the law, and his decision was supported by substantial evidence.

## D. Subjective Complaints of Pain

George also claims that the ALJ improperly discounted her allegations of disabling pain and exaggerated the extent of her daily activities. The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 2003 WL 22145644, at *10

13

(N.D.N.Y. Sept. 11, 2003) (citation omitted). First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain[7] or other symptoms alleged ...." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10. "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater

---

[7] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

14

than demonstrated by objective medical evidence, the ALJ will consider other factors. These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

In this case, George claims that she suffered from chronic and persistent pain that precluded her from engaging in even light work. In particular, George alleges that she suffers from severe back pain, foot pain, headaches, hypertension, arthritis, and diverticulitis. She maintains that

15

she is limited to sedentary work.  Finally, George argues that the ALJ exaggerated her daily living activities.

The ALJ's decision was based on substantial evidence for two reasons.  First, as the ALJ noted, George applied for state unemployment benefits after the alleged onset date of her disability.  In order to be eligible for unemployment, George claimed an ability to work.  Yet, for the same period of time, she alleged an inability to engage in even light work for the purpose of her Social Security application.  George cannot credibly assert her ability to work for the purpose of one government benefit while simultaneously claiming an inability to work for another.  Secondly, the ALJ pointed out that George stopped working for reasons unrelated to the alleged disability impairments.  George testified that she was dismissed from her most recent position as a waitress in February 1996 due to excessive absences.  The ALJ properly points out that George presented no medical information for at least the three years prior to that dismissal, at the time of the dismissal, or for over a year following the dismissal.

Moreover, George has various daily activities.  She drives, helps out with the household chores, and babysitts her grandchildren.  Although she may have pain, "some pain does not mean disabling pain." *Dumas*, 712

16

F.2d at 1552.  Moreover, the record demonstrates that George recently took a trip to Florida with her daughter and son-in-law.  She testified that they drove straight from New York to Florida without stopping overnight and that the trip lasted a total of twenty-two hours.  (Tr. 70, 71).  Her daily activities coupled with her lack of medical care belie her contention of disabling pain.  Accordingly, the ALJ's decision was based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties.

September 28, 2005  
Albany, New York

Gary L. Sharpe  
U.S. District Judge